UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

HAKIM AFFLICK,

                Plaintiff,

        -against-

STATE OF NEW YORK; CITY OF NEW
YORK; CHIEF ADMINISTRATIVE JUDGE
OF THE NEW YORK STATE UNIFIED
COURT SYSTEM (OFFICIAL CAPACITY),

                Defendants.

25-CV-7872 (LTS)

ORDER OF DISMISSAL
WITH LEAVE TO REPLEAD

LAURA TAYLOR SWAIN, Chief United States District Judge:

Plaintiff, who is appearing *pro se*, brings this action under the court's federal question jurisdiction, alleging that Defendants violated his federal constitutional rights and his rights under the Americans with Disabilities Act ("ADA") and the Religious Land Use and Institutionalized Persons Act ("RLUIPA"). By order dated October 29, 2025, the Court granted Plaintiff's request to proceed *in forma pauperis* ("IFP"), that is, without prepayment of fees. For the reasons set forth below, the Court dismisses the complaint, but grants Plaintiff leave to replead his claims in an amended complaint.

## STANDARD OF REVIEW

The Court must dismiss an IFP complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also dismiss a complaint when the Court lacks subject matter jurisdiction of the claims raised. *See* Fed. R. Civ. P. 12(h)(3).

While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted). But the "special solicitude" in *pro se* cases, *id*. at 475 (citation omitted), has its limits – to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief.

Rule 8 requires a complaint to include enough facts to state a claim for relief "that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible if the plaintiff pleads enough factual detail to allow the Court to draw the inference that the defendant is liable for the alleged misconduct. In reviewing the complaint, the Court must accept all well-pleaded factual allegations as true. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009). But it does not have to accept as true "[t]hreadbare recitals of the elements of a cause of action," which are essentially just legal conclusions. *Twombly*, 550 U.S. at 555. After separating legal conclusions from well-pleaded factual allegations, the Court must determine whether those facts make it plausible—not merely possible—that the pleader is entitled to relief. *Id.*

## BACKGROUND

Plaintiff brings this action against the State of New York, the City of New York, and, possibly, the Chief Administrative Judge of the New York State Unified Court System.[1] He brings his claims using the court's general complaint form, to which he attaches a cover letter to

---

[1] Plaintiff does not include the Chief Administrative Judge in the caption to the complaint, his IFP application, or his motion for preliminary injunctive relief. He does, however, include the Chief Administrative Judge as a defendant in an attachment to the complaint. (*See* ECF 1, at 8.)

the Clerk's Office, another type-written complaint, as well as a document labeled "Unified Damages Memorandum." The Court construes these documents as a single operative complaint. The following allegations are drawn from those documents.[2]

In late 2022, Plaintiff "discovered suspicious and unlawful material on [his] personal device." (ECF 1, at 8.) Plaintiff reported the matter to the Special Victims Unit of the New York City Police Department ("NYPD"), the Federal Bureau of Investigation ("FBI"), and the Central Intelligence Agency ("CIA"), and "voluntarily surrendered [his] phone without a warrant." (*Id.*) Plaintiff was subsequently indicted, and the criminal proceedings against him arising from these events are ongoing in the New York State Supreme Court, Bronx County.[3]

During Plaintiff's criminal proceedings, "metadata from the digital evidence was first reported as 'missing' and later 'recovered,' raising serious questions of authenticity and chain-of-custody violations." (*Id.*) He asserts that "[e]xculpatory evidence and reports" from the NYPD, FBI, CIA, and Google were "ignored or suppressed" during his criminal proceedings. (*Id.* at 9.)

On July 30, 2025, the presiding judge in Plaintiff's criminal case stated that a psychiatric evaluation was "voluntary." (*Id.*) A hearing was scheduled for August 5, 2025, a day that Plaintiff alleges is his birthday and a "declared religious observance." (*Id.*) During that proceeding, for which Plaintiff was not present, the judge "recharacterized" the psychiatric evaluation as "mandatory." (*Id.*) On August 19, 2025, Plaintiff was "compelled under threat of a

---

[2] The Court quotes from Plaintiff's submissions verbatim. All spelling, grammar, and punctuation are as in those documents unless noted otherwise.

[3] Public records maintained by the New York State Unified Court System show that Plaintiff has ongoing criminal proceedings in the Bronx Supreme Criminal Court in which he is charged with 26 counts of possession of child pornography. *See People v. Afflick*, Ind. No. 74512-23/001. Plaintiff's next hearing is currently scheduled for February 10, 2026.

bench warrant" to attend a psychiatric evaluation "during his religious observance," causing him to miss "a sacred religious event." (*Id.*)

Plaintiff alleges that he suffers from disabilities "including bipolar disorder, schizophrenia, depression, and performance anxiety," and that unspecified individuals "denied reasonable accommodation such as scheduling adjustments, access to neutral evaluation, and support for effective self-representation." (*Id.* at 9.)

Plaintiff asserts constitutional claims for violations of his rights to due process, equal protection, and free exercise of religion, as well as constitutional claims for First Amendment retaliation and malicious prosecution. Plaintiff also asserts claims under the ADA and RLUIPA, and claims arising under state law.

Plaintiff seeks $45 million in damages and "full expungement" of his criminal record. (*Id.* at 6.)

## DISCUSSION

### A.    Eleventh Amendment immunity

The Court dismisses Plaintiff's constitutional claims, arising under 42 U.S.C. § 1983, against the State of New York and the official-capacity claims against the Chief Administrative Judge of the New York State Unified Court System. "[A]s a general rule, state governments may not be sued in federal court unless they have waived their Eleventh Amendment immunity, or unless Congress has abrogated the states' Eleventh Amendment immunity[.]" *Gollomp v. Spitzer*, 568 F.3d 355, 366 (2d Cir. 2009). "The immunity recognized by the Eleventh Amendment extends beyond the states themselves to state agents and state instrumentalities that are, effectively, arms of a state." *Id*. This immunity shields States and their agencies from claims for money damages, injunctive relief, and retrospective declaratory relief. *See Green v. Mansour*, 474 U.S. 64, 72-74 (1985); *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 101-02

4

(1984). Furthermore, "[t]o the extent that a state official is sued . . . in his official capacity, such a suit is deemed to be a suit against the state, and the official is entitled to invoke the Eleventh Amendment immunity belonging to the state." *Ying Jing Gan v. City of New York*, 996 F.2d 522, 529 (2d Cir. 1993). Thus, the Eleventh Amendment further precludes claims against individual state-officer defendants, in their official capacities, for damages, retrospective injunctive relief, and retrospective declaratory relief. *See Green*, 474 U.S. at 72-74; *Halderman*, 465 U.S. at 101-02; *Exxon Mobil Corp. v. Healey*, 28 F.4th 383, 392 (2d Cir. 2022); *Pineda v. Doe 1-2*, No. 25-CV-4552 (JGLC), 2025 WL 2145661, at *2-3 (S.D.N.Y. July 29, 2025).

Judges of the State of New York, including the Chief Administrative Judge of the New York State Unified Court System, when sued in their official capacities, enjoy Eleventh Amendment immunity. *See Healey*, 28 F.4th at 392 (2d Cir. 2022); *Libertarian Party of Erie Cnty. v. Cuomo*, 970 F.3d 106, 122-23 (2d Cir. 2020) (affirming dismissal of suit against New York State judges for damages pursuant to the Eleventh Amendment), *abrogated on other grounds*, *N.Y.S. Rifle & Pistol Ass'n, Inc. v. Bruen*, 597 U.S. 1 (2022); *Foy v. New York State Unified Ct. Sys.*, 740 F. Supp. 3d 136, 149 (E.D.N.Y. 2024) (holding that official capacity claims against Acting Chief Administrative Judge barred by Eleventh Amendment); *cf. Gollomp*, 568 F.3d at 366 ("[T]he New York State Unified Court System is an arm of the State . . . and is therefore protected by Eleventh Amendment sovereign immunity.").

Congress has not abrogated the states' immunity for claims under Section 1983, *see Dube v. State Univ. of N.Y.*, 900 F.2d 587, 594 (2d Cir. 1990), and the State of New York has not waived its immunity to suit in federal court, *see Trotman v. Palisades Interstate Park Comm'n*, 557 F.2d 35, 40 (2d Cir. 1977). The Court therefore dismisses Plaintiff's claims under Section 1983 against the State of New York and the Chief Administrative Judge of the New York

5

Unified Court System as barred by the Eleventh Amendment.[4] *See* 28 U.S.C.

§ 1915(e)(2)(B)(iii).

**B.      Claims against the City of New York**

When a plaintiff sues a municipality under Section 1983, it is not enough for the plaintiff

to allege that one of the municipality's employees or agents engaged in some wrongdoing. The

plaintiff must show that the municipality itself caused the violation of the plaintiff's rights. *See*

*Connick v. Thompson,* 563 U.S. 51, 60 (2011) ("A municipality or other local government may

be liable under . . . section [1983] if the governmental body itself 'subjects' a person to a

deprivation of rights or 'causes' a person 'to be subjected' to such deprivation." (quoting *Monell*

*v. Dep't of Soc. Servs.,* 436 U.S. 658, 692 (1978))); *Cash v. Cnty. of Erie,* 654 F.3d 324, 333 (2d

Cir. 2011). In other words, to state a Section 1983 claim against a municipality, the plaintiff must

allege facts showing (1) the existence of a municipal policy, custom, or practice, and (2) that the

policy, custom, or practice caused the violation of the plaintiff's constitutional rights. *See Jones*

---

[4] Under the exception to Eleventh Amendment immunity articulated in *Ex Parte Young*, 209 U.S. 123 (1908), "[a] plaintiff may avoid the Eleventh Amendment bar to suit and proceed against individual state officers, as opposed to the state, in their official capacities, provided that his complaint (a) 'alleges an ongoing violation of federal law' and (b) 'seeks relief properly characterized as prospective.'" *In re Deposit Ins. Agency*, 482 F.3d 612, 618 (2d Cir. 2007) (citations omitted). Here, even if Plaintiff's complaint could be construed as alleging an ongoing violation of federal law and seeking prospective injunctive relief against the Chief Administrative Judge, his claims would be barred by the doctrine of absolute judicial immunity. Section 1983 provides that, "in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable." 42 U.S.C. § 1983. Where an appeal is available, declaratory relief is available. *See, e.g.*, *Davis v. Campbell*, No. 13-CV-0693, 2014 WL 234722, at *9 (N.D.N.Y. Jan. 22, 2014) ("[D]eclaratory relief against a judge for actions taken within his or her judicial capacity is ordinarily available by appealing the judge's order."). Plaintiff has not alleged that the Chief Administrative Judge violated a declaratory decree or that declaratory relief was not available by appealing the judge's decisions.

*v. Town of East Haven*, 691 F.3d 72, 80 (2d Cir. 2012); *Bd. of Cnty. Comm'rs v. Brown,* 520 U.S. 397, 403 (1997) (internal citations omitted).

Here, Plaintiff alleges no facts suggesting that the City of New York has a policy, practice, or custom that caused a violation of his federal constitutional rights. Rather, he alleges facts arising from his own, individual experience with employees of the NYPD. The Court therefore dismisses Plaintiff's Section 1983 claims against the City of New York for failure to state a claim on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

The Court grants Plaintiff leave to replead his Section 1983 claims against the City of New York in an amended complaint.

## C.    *Younger* abstention

The Court understands Plaintiff's request that the Court order "expungement" and "sealing" of his ongoing criminal proceedings as a request to intervene in those state court proceedings. (ECF 1, at 9.) In *Younger v. Harris,* 401 U.S. 37 (1971), the United States Supreme Court held that a federal court may not enjoin a pending state court criminal proceeding in the absence of special circumstances suggesting bad faith, harassment, or irreparable injury that is both serious and immediate. *See Sprint Commc'ns, Inc. v. Jacobs*, 571 U.S. 69, 72 (2013) ("*Younger* exemplifies one class of cases in which federal-court abstention is required: When there is a parallel, pending state criminal proceeding, federal courts must refrain from enjoining the state prosecution."); *Gristina v. Merchan*, 131 F.4th 82, 86-87 (2d Cir. 2025) (discussing *Younger*). "[B]ad faith or harassment" exists when the party bringing the state court action has "no reasonable expectation of obtaining a favorable outcome.'" *Homere v. Inc. Vill. of Hempstead*, 322 F. Supp. 3d 353, 368 (E.D.N.Y. 2018) (quoting *Cullen v. Fliegner*, 18 F.3d 96, 103 (2d Cir. 1994)); *see also Kugler v. Helfant*, 421 U.S. 117, 126 n.6 (1975) (noting that bad faith under *Younger* "generally means a prosecution has been brought without a reasonable

7

expectation of obtaining a valid conviction"); *Anilao v. Spota*, 27 F.4th 855, 866 (2d Cir. 2022) (holding that the plaintiff's claim that "his neighbors' complaints which led to the charges were false" were "insufficient" to show bad faith or harassment, and did not "overcome the presumption that federal courts should not interfere in ongoing state court matters"); *DeMartino v. New York State Dep't of Labor*, 167 F. Supp. 3d 342, 355-56 (E.D.N.Y. 2016) (holding that the plaintiff's allegations that the criminal charges pending against him were based "on the false statements" of the defendant did not "serve as the factual predicate for a plausible finding of bad faith").

Here, Plaintiff's state court criminal proceedings are ongoing*, see People v. Afflick*, Ind. No. 74512-23/001 (Bronx Sup. Crim. Ct.), and he has alleged no facts showing bad faith, harassment, or irreparable injury with respect to his pending state court criminal proceedings. The Court therefore dismisses Plaintiff's claims in which he asks this Court to enjoin or seal his ongoing state court criminal proceedings.

### D.    RLUIPA claims

RLUIPA provides that

> [n]o government shall impose a substantial burden on the religious exercise of a *person residing in or confined to an institution,* as defined in section 1997 of this title, even if the burden results from a rule of general applicability, unless the government demonstrates that imposition of the burden on that person . . . is in furtherance of a compelling governmental interest; and . . . is the least restrictive means of furthering that compelling governmental interest.

42 U.S.C. § 2000cc-1 (emphasis added).[5] Section 1997, in turn, defines "institution" as "any facility or institution" owned or operated by a state government that is, among other things, a jail, prison, correctional facility, or a pretrial detention facility. 42 U.S.C. § 1997(1)(A)-(B).

Plaintiff alleges that the Chief Administrative Judge of the Unified Court System violated his rights under RLUIPA when he scheduled a hearing on a date that Plaintiff alleges is a religious holiday for him. RLUIPA does not apply, however, because Plaintiff is not "residing in or confined to an institution," as that term is defined in Section 1997. Plaintiff does not allege that he was incarcerated or in pretrial detention when his religious rights were allegedly violated. Indeed, he provides a residential address in the complaint, and neither New York State Unified Court System nor New York City Department of Correction records indicate that he was held in pretrial detention at the time his rights were allegedly violated. Because Plaintiff was not residing or confined in an institution within the meaning of Section 1977 at the time his claims arose, RLUIPA does not apply, and the Court dismisses those claims for failure to state a claim on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

**E.     ADA claims**

Plaintiff brings claims under Title II of the ADA, alleging that Defendants failed to accommodate his disability. Title II of the ADA forbids discrimination against persons with disabilities in, among other areas of public life, public services, programs, and activities. *Tennessee v. Lane*, 541 U.S. 509, 516-17 (2004). It provides that "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to

---

[5] RLUIPA also prohibits governments from imposing a burden on religion with respect to land use regulations. *See* 42 U.S.C. § 2000cc(a)(1). That provision does not apply here because Plaintiff's claims do not implicate land use regulations.

discrimination by any such entity." 42 U.S.C. § 12132. To state a claim of discrimination under Title II of the ADA, a plaintiff must allege that (1) he is a qualified individual with a disability; (2) the defendant is subject to Title II of the ADA; and (3) the plaintiff was denied the opportunity to participate in or benefit from the defendant's services, programs, or activities, or was otherwise discriminated against by the defendant, by reason of the plaintiff's disability. *Shomo v. City of New York*, 579 F.3d 176, 185 (2d Cir. 2009). Under the ADA, a "disability" is defined as: "(A) a physical or mental impairment that substantially limits one or more major life activities of [an] individual; (B) a record of such an impairment; or (C) being regarded as having such an impairment." 42 U.S.C. § 12102(1)(A)-(C).

Here, Plaintiff alleges that he suffers from "bipolar disorder, schizophrenia, depression, and performance anxiety." (ECF 1, at 9.) While these conditions can indeed be serious, Plaintiff alleges no facts describing how these impairments limit his major life activities. Even if the Court assumes that Plaintiff has a disability as defined by the ADA, he does not allege facts showing that he was denied participation in services, programs, or activities, or that any defendant otherwise discriminated against him based on a disability. Plaintiff asserts that he was denied "reasonable accommodations" including "scheduling adjustments, access to neutral evaluation, and support for effective self-representation." (*Id.*) He alleges no facts explaining what he means by these broad terms, how his disability prevented him from participating or benefitting from them, and what reasonable accommodations were requested and denied. The Court therefore dismisses Plaintiff's ADA claims for failure to state a claim on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

The Court grants Plaintiff leave to replead his ADA claims in an amended complaint.

10

**F.    Claims under state law**

A district court may decline to exercise supplemental jurisdiction of state law claims when it "has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3). Generally, "when the federal-law claims have dropped out of the lawsuit in its early stages and only state-law claims remain, the federal court should decline the exercise of jurisdiction." *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 (1988) (footnote omitted). Having dismissed the federal claims of which the Court has original jurisdiction, the Court declines to exercise its supplemental jurisdiction of any state law claims Plaintiff may be asserting. *See Kolari v. New York-Presbyterian Hosp.*, 455 F.3d 118, 122 (2d Cir. 2006) ("Subsection (c) of § 1367 'confirms the discretionary nature of supplemental jurisdiction by enumerating the circumstances in which district courts can refuse its exercise.'" (quoting *City of Chicago v. Int'l Coll. of Surgeons*, 522 U.S. 156, 173 (1997))).

**G.    Plaintiff's request for preliminary injunctive relief**

Along with his complaint, Plaintiff filed a motion "to enforce order to show cause," in which he appears to seek unspecified preliminary injunctive relief. (ECF 5.) To obtain such relief, Plaintiff must show: (1) that he is likely to suffer irreparable harm and (2) either (a) a likelihood of success on the merits of his case or (b) sufficiently serious questions going to the merits to make them a fair ground for litigation and a balance of hardships tipping decidedly in his favor. *See UBS Fin. Servs., Inc. v. W.V. Univ. Hosps., Inc.*, 660 F.3d 643, 648 (2d Cir. 2011) (citation and internal quotation marks omitted); *Wright v. Giuliani*, 230 F.3d 543, 547 (2d Cir. 2000). Preliminary injunctive relief "is an extraordinary and drastic remedy, one that should not be granted unless the movant, by a clear showing, carries the burden of persuasion." *Moore v. Consol. Edison Co. of N.Y., Inc.*, 409 F.3d 506, 510 (2d Cir. 2005) (internal quotation marks and citation omitted).

For the reasons stated above, Plaintiff's submissions do not demonstrate: (1) a likelihood of success on the merits, or (2) sufficiently serious questions going to the merits to make them a fair ground for litigation and a balance of hardships tipping decidedly in his favor. Accordingly, Plaintiff's request for preliminary injunctive relief (ECF 5) is denied.

### LEAVE TO AMEND GRANTED

Plaintiff proceeds in this matter without the benefit of an attorney. District courts generally should grant a self-represented plaintiff an opportunity to amend a complaint to cure its defects, unless amendment would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123-24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Indeed, the Second Circuit has cautioned that district courts "should not dismiss [a *pro se* complaint] without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) (quoting *Gomez v. USAA Fed. Sav. Bank*, 171 F.3d 794, 795 (2d Cir. 1999)). Because Plaintiff may be able to allege additional facts to state a valid Section 1983 claim and/or a claim under the ADA, the Court grants Plaintiff 30 days' leave to amend his complaint to cure the deficiencies identified above.

If Plaintiff does not file an amended complaint within the time allowed, the Court will direct the Clerk of Court to enter judgment in this action.

### CONCLUSION

The Court dismisses the complaint as barred by the Eleventh Amendment and the Younger abstention doctrine, and for failure to state a claim on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii)-(iii). The Court grants Plaintiff 30 days' leave to replead.

The Court declines at this time to exercise supplemental jurisdiction of any state law claims Plaintiff may be asserting. *See* 28 U.S.C. § 1367(c)(3).

The Court denies Plaintiff's request for preliminary injunctive relief. (ECF 5.)

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Court directs the Clerk of Court to hold this matter open on the docket until a civil judgment is entered.

SO ORDERED.

Dated:    February 17, 2026
         New York, New York

                                        /s/ Laura Taylor Swain
                                        LAURA TAYLOR SWAIN
                                        Chief United States District Judge